# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| DARYL B. VAUGHN, | ) |
| Plaintiff, | ) |
| v. | ) NO. 2:23-cv-00060 |
| CUMBERLAND COUNTY SHERIFF'S OFFICE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Daryl Vaughn, a pretrial detainee in the custody of the Cumberland County Sheriff's Office, filed a pro se Complaint under 42 U.S.C. § 1983 and an application for leave to proceed in forma pauperis (IFP) on October 4, 2023. On October 31, 2023, after a Court order directing Plaintiff to cure a deficiency in his IFP application was returned as undeliverable to his address of record, the Court dismissed this action for failure to prosecute. (Doc. No. 7).

On November 11, 2023, the Court reopened the case in light of Plaintiff's showing that the mail delivery issue had been the result of his transfer to the Loudon County Jail. (Doc. No. 10). Plaintiff subsequently filed an IFP application certified by a Loudon County Jail official during his brief stay there. (Doc. No. 11). In July 2024, after he had been returned to the Cumberland County Jail, he filed a second IFP application. (Doc. No. 14).

The case is before the Court for ruling on Plaintiff's IFP applications and for initial review of the Complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

## I. PAUPER STATUS

A prisoner bringing a civil action may be permitted to proceed as a pauper, without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's submissions that he lacks the funds to pay the entire filing fee, his most recent IFP application (Doc. No. 14) is **GRANTED**, his earlier application (Doc. No. 11) is **DENIED** as moot, and a $350 filing fee is **ASSESSED**.[1] The fee will be collected in installments as described below.

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. Id. § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. Id. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order

---

[1] Prisoners bringing civil lawsuits or appeals are "required to pay the full amount of a filing fee," 28 U.S.C. § 1915(b)(1), either in a lump sum at the time of filing or in installments over time via an assessment against the prisoner's inmate trust account. Where the prisoner is granted pauper status and allowed to pay in installments, the fee is $350. See District Court Miscellaneous Fee Schedule, https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule, provision 14 (eff. Dec. 1, 2023).

must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

### A. Legal Standard

In cases filed by prisoners, the Court must conduct an initial screening and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Complaint states a claim upon which relief may be granted, the Court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," Nat'l Rifle Ass'n of Am. v. Vullo, 602 U.S. 175, 181 (2024) (quoting Iqbal, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The Court must afford the pro se Complaint a liberal construction, Erickson v. Pardus, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to Plaintiff. Inner City, supra.

Plaintiff filed the Complaint under Section 1983, which authorizes a federal action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." Wurzelbacher v. Jones-

3

Kelley, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. The Complaint must therefore plausibly allege (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." Carl v. Muskegon Cnty., 763 F.3d 592, 595 (6th Cir. 2014).

**B. Facts**

Plaintiff alleges that he suffers from hepatitis C and cirrhosis of the liver (Doc. No. 1 at 5), as well as follicular lymphoma Grade II and chronic congestive splenomegaly. (Id. at 12). In July 2023, he went to a "GI doctor" who "ordered extensive blood work done so [Plaintiff] could get the treatment that [he] needed" for his liver disease (Doc. No. 1 at 5), in order to be able to continue cancer treatments "without killing [his] liver." (Id. at 12). Grievance records attached to the Complaint reveal that Plaintiff's care provider at the jail had to "consult with the company to decide" how to proceed in light of the GI doctor's order. (Doc. No. 1-1 at 2).[2] On August 14, 2023, Plaintiff was informed by Nurse Kasi (in the presence of correctional officer Chip Wilkey) that "the health provider would not pay for [his] treatment." (Doc. No. 1 at 12).

Claiming that this refusal to pay for medical treatment violates his rights under the Eighth Amendment (id. at 3), Plaintiff sues the Cumberland County Sheriff's Office, Sheriff Casey Cox, Jail Administrator Tim Claflin, and Fast Access, "the medical provider . . . responsible for the inmates['] medical needs." (Id. at 4). As relief, he seeks an award of compensatory and punitive damages. (Id. at 5, 13).

---

[2] The Court may consider materials attached to the Complaint in performing the initial screening required by the PLRA. See Hardy v. Sizer, No. 16-1979, 2018 WL 3244002, at *2–3 (6th Cir. May 23, 2018) (reviewing documents attached to complaint in performing PLRA screening) (citing Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008) (explaining that a district court evaluating whether a complaint fails to state a claim may consider "any exhibits attached" to the complaint)).

**C. Analysis**

As a pretrial detainee, Plaintiff has a right to be free from deliberate indifference to serious medical needs that arises under the Fourteenth Amendment, rather than the Eighth Amendment. See Hyman v. Lewis, 27 F. 4th 1233, 1237 (6th Cir. 2022). To state a claim for a violation of this right, Plaintiff must allege that: (1) he had a sufficiently serious medical need; and (2) a defendant "acted deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." Helphenstine v. Lewis Cnty., Ky., 60 F. 4th 305, 317 (6th Cir. 2023) (internal citations and quotation marks omitted).

Plaintiff's medical needs due to hepatitis C and cirrhosis are obviously serious. See Atkins v. Parker, 412 F. Supp. 3d 761, 781–82 (M.D. Tenn. 2019), aff'd, 972 F.3d 734 (6th Cir. 2020). The Court assumes for purposes of initial review that Defendant Fast Access—the alleged provider of medical care to Cumberland County Jail inmates and the Defendant who "would not pay" for treatment of Plaintiff's conditions—is a private medical provider that operates pursuant to municipal contract and is therefore a proper defendant under Section 1983. See Winkler v. Madison Cnty., 893 F.3d 877, 904 (6th Cir. 2018) (citing Johnson v. Karnes, 398 F.3d 868, 877 (6th Cir. 2005)). Such a government contractor "cannot be held liable on a *respondeat superior* theory, but [only] for a policy or custom of that private contractor." Id. (internal quotation marks omitted). At this early stage, and drawing all reasonable inferences in Plaintiff's favor, he has plausibly alleged that Fast Access's decision (after consulting with jail medical staff) to "not pay" for treatment of an obviously serious infection and liver condition was a reckless decision made pursuant to a policy or custom of prioritizing cost-savings over inmates' medical needs. See Vick v. Core Civic, 329 F. Supp. 3d 426, 447 (M.D. Tenn. 2018). Accordingly, a plausible claim to relief has been stated and will proceed against Fast Access.

In addition to Fast Access, the Complaint names as defendants the Cumberland County Sheriff's Office (liberally construed for these purposes as a placeholder for Cumberland County itself),[3] Sheriff Cox, and Jail Administrator Tim Claflin, all because of their positions of responsibility over the jail and jail operations. (See Doc. No. 1 at 4.) However, such defendants "cannot be held liable under 42 U.S.C. § 1983 for the acts of private or public employees providing medical treatment, unless the plaintiff can show that the conduct of the medical treaters was dictated by official policy of an organizational or supervisory defendant." Jackson v. Siringas, No. 12-15474, 2013 WL 3810301, at *14 (E.D. Mich. July 23, 2013), aff'd, No. 13-2123 (6th Cir. May 15, 2014) (citing, e.g., Doe v. Claiborne Cnty., 103 F.3d 495, 507 (6th Cir. 1996)). Plaintiff has not pled facts which allow a reasonable inference that his alleged harm—Fast Access's denial of medical treatment—occurred under the circumstances required to also claim relief against the County, Cox, or Claflin. In short, he has not alleged that the harm occurred because of the causal influence of a Cumberland County policy or custom, or that it occurred through supervisory defendants Cox or Claflin's "direct participation" or "active acquiescence." Winkler, 893 F.3d at 899. Accordingly, these Defendants cannot be held liable under Section 1983 and will be dismissed from this action on that basis.

### III. FURTHER PROCEEDINGS

As discussed above, Plaintiff has stated a nonfrivolous claim against Defendant Fast Access. Accordingly, the Clerk is **INSTRUCTED** to send Plaintiff a service packet (blank

---

[3] See Carr v. Washington Cnty. TN Jail, No. 2:23-CV-172, 2023 WL 8791750, at *2 (E.D. Tenn. Dec. 19, 2023) (finding that although the named defendant, Washington County Jail, is not an entity subject to suit under Section 1983, "Washington County, which runs the Washington County Jail, is"; considering whether County caused any violation of plaintiff's rights); Campbell v. Cheatham Cnty. Sheriff's Dep't, 511 F. Supp. 3d 809, 825 n. 12 (M.D. Tenn. 2021), aff'd, 47 F.4th 468 (6th Cir. 2022). (finding claim against sheriff's department "subject to dismissal because sheriff's departments are not proper parties to a § 1983 suit," though claim could be pursued "directly against the County").

summons and USM 285 form) for that Defendant. Plaintiff **MUST** complete the service packet and return it to the Clerk's Office within **30 DAYS** of the date of this Order. Upon return of the completed service packet, **PROCESS SHALL ISSUE**.

Defendants Cumberland County Sheriff's Office, Casey Cox, and Tim Claflin are **DISMISSED** from this action.

In light of this disposition, Plaintiff's request for an "update" on the status of this case (Doc. No. 12) is **GRANTED**. His Motion for Enlargement of Time to file an IFP application (Doc. No. 13) is **GRANTED** nunc pro tunc.

The Court's determination that the Complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE