UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

|  |  |
|---|---|
| DARYL B. VAUGHN, a/k/a BRAD VAUGHN,<br>          Plaintiff,<br><br>v.<br><br>CUMBERLAND COUNTY SHERIFF'S OFFICE, et al.,<br>          Defendants. | Case No. 2:23-cv-00060<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Luke A. Evans |

To:     The Honorable Waverly D. Crenshaw, Jr., District Judge

## REPORT AND RECOMMENDATION

On October 4, 2023, *pro se* Plaintiff, Daryl B. Vaughn, filed a complaint under 42 U.S.C. § 1983 to address issues arising out of his pretrial detention in the custody of the Cumberland County Sheriff's Department (Doc. No. 1). By order on October 31, 2023, the Court dismissed this action without prejudice for failure to keep a current address (Doc. No. 7). However, because Vaughn's failure to receive Court mailings appeared to be a result of his transfer to a different jail and he timely filed a notice of change of address (Doc. No. 8), the Court vacated the October 2023 Order and restored the case to the active docket on November 17, 2023 (Doc. No. 10).

On August 30, 2024, the Court conducted an initial screening, dismissed applicable defendants, and permitted Vaughn to proceed *in forma pauperis* (Doc. No. 15). The August 2024 Order also directed Vaughn to complete a service packet—consisting of a "blank summons and USM 285 form"—and return it to the Clerk's Office within 30 days (*Id.*). Because Vaughn had not returned the service packet as of October 21, 2024, the Court afforded him an additional 14 days to return a completed service packet and show cause why this action should not be dismissed for failure to effect service (Doc. No. 16). The Court also warned Vaughn that failure to comply

would likely result in a recommendation for dismissal (*Id.*). Nevertheless, both the August 2024 Order (Doc. No. 17) and the October 2024 Order (Doc. No. 18) were returned to the Court as undeliverable. To date, the docket reflects that Vaughn has not provided current contact information, made any effort to return the completed service packet, or taken any other action to move this litigation forward since July 9, 2024.

This Court's Local Rules provide that a *pro se* party "must keep the Court and opposing parties apprised of the *pro se* party's current address and other contact information," and explain that failure "to timely notify the Court and opposing parties of any change in address may result in dismissal of the action with or without prejudice." M.D. Tenn. R. 41.01(b). The Local Rules further provide that "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party may be summarily dismissed . . . without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." M.D. Tenn. R. 41.01(a). Where noncompliance with local rules is a ground for dismissal, "the behavior of the noncomplying party [must] rise[] to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick & GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

"It is well-settled that the district court can enter a sua sponte order of dismissal under Rule 41(b)." *Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) (unpublished opinion) (citation omitted). Whether the Court should dismiss this case for failure to prosecute depends on "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d

359, 363 (6th Cir. 1999) (citation omitted). Not every factor needs to be present, *see Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 740 (6th Cir. 2008), and a clear record of delay can support dismissal. *See Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) (citations omitted). Further, Rule 41(b) operates in tandem with the Court's inherent power to manage its caseload and to dismiss a case for failure to prosecute as part of its caseload management. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (citations omitted).

Here, the *Knoll* factors concerning prejudice and sanctions are not applicable given the posture of the case, but the docket shows a clear record of delay that supports dismissal. That is, because Vaughn has (i) failed to complete service of the remaining defendant since this action was filed in October 2023 (Doc. No. 1) or otherwise move the case forward since July 2024 (Doc. No. 14), (ii) repeatedly failed to provide a current address and other contact information (Doc. Nos. 6, 17, and 18), and (iii) previously been afforded opportunities to effect late service of the remaining defendant and provide a current address and other contact information (Doc. Nos. 15-16), dismissal for failure to prosecute is an appropriate remedy.

## RECOMMENDATION

For the foregoing reasons, the Court respectfully recommends dismissing this case under Rule 41(b) for failure to prosecute.

Any party has 14 days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within 14 days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within 14 days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

3

Entered this 19th day of May, 2026.

It is so ORDERED.

_____
LUKE A. EVANS
United States Magistrate Judge